**UNITED STATES of America,
Plaintiff,**

v.

**Milton Carr FERGUSON et al.,
Defendants.**

**Crim. No. 722–64.**

United States District Court
District of Columbia.

May 7, 1965.

See also D. C., 37 F.R.D. 6.

Barbara Lindemann, Asst. U. S. Atty., for the District of Columbia, Washington, D. C., for the Government.

Thurman Arnold and Edgar H. Brenner, Washington, D. C., for defendant Ferguson.

HOLTZOFF, District Judge.

This is a motion to dismiss an indictment on the ground that subsequently to the return of the indictment the defendant was interviewed by an agent of the Federal Bureau of Investigation and that in the course of that interview he was asked some questions relating to matters involved in the indictment and that he answered those questions.

The salient facts are not in dispute. The moving defendant was appointed a Hearing Examiner by the Department of Health, Education and Welfare. Subsequently, the present indictment was returned, in which he was named as one of several defendants. The case is now set for trial for the 17th of this month.

One of the functions of the Federal Bureau of Investigation is to investigate matters relating to applications for government employment and possible misstatements contained in such applications. Subsequently to the return of the indictment the United States Attorney requested the Federal Bureau of Investigation to investigate the facts relating to the defendant's application for employment by the Department of Health, Education and Welfare. As a result of this request an agent of the Federal

Bureau of Investigation made an appointment to see the defendant. Admittedly he interviewed the defendant concerning matters involved in the application and it is claimed that he also in the course of the interview asked him questions relating to the matters involved in the indictment.

The Court is going to assume for the purposes of this motion that such interrogatories were asked and answered. The question presented to the Court on this motion is whether this action of an agent of the Federal Bureau of Investigation was illegal and, if so, what the consequences of the illegality should be.

▉▉ Counsel for the moving defendant point to the rule of legal ethics that a party to a law suit who is represented by counsel should not be interviewed by opposing counsel or the representative of the opposing counsel without his own counsel's permission or presence. Such a rule of ethics of course exists and it is a very important rule of ethics. To what extent this rule applies to criminal proceedings is questionable because in some jurisdictions it is not unusual for prosecuting counsel or his representative to interview a defendant even after the defendant has been indicted. Assuming, however, that such a rule of ethics applies to counsel, it surely does not extend to investigative agents or law enforcement officers. In any event, not every violation of a rule of ethics constitutes illegality. It may be unethical under certain circumstances to interview a party to a law suit without the presence of his counsel, but it is not illegal to do so. In view of these considerations the Court sees no reason for dismissing the indictment in this case.

▉ It is suggested that the courts have a supervisory authority over all persons connected with the administration of justice. This is a fallacy. I repeat what I have said on other occasions in other connections,[1] that our government is a government of three coordinate

1. United States ex rel. Brookfield Const. Co. v. Stewart, D.C., 234 F.Supp. 94, 96 et seq.; Trimble v. Johnston, D.C., 173 F.Supp. 651.

branches. None of the three branches has any supervisory authority over either of the other two. The United States Attorneys and their assistants, as well as law enforcement agents and investigative officers are connected with the Executive Branch of the Government. This Court has no supervisory authority over them. The only supervisory authority it has is over its own personnel and its own staff. To be sure, this Court may exclude evidence improperly obtained by members of the staffs of Executive departments, but that is a different matter.

Even if, however, there were any illegality involved here, it need not follow that the indictment should be dismissed. There is no reason to visit such a drastic penalty upon the public. It may well be that if an attempt is made to introduce evidence obtained in this manner, that evidence may be deemed inadmissible; but this, however, is a matter that is not before this Court at this time.

In view of all the considerations that have been reviewed, the motion to dismiss the indictment is denied.